IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Maurice Brown,               )
                             )
            Plaintiff,       )
                             )   No. 05 C 1117
       v.                    )   Judge Wayne R. Andersen
                             )
Chrysler Financial Services, )
                             )
            Defendant.       )

## MEMORANDUM, OPINION, AND ORDER

This case is before the Court on the motion of Defendant DaimlerChrysler Services N.A. LLC ("Chrysler Financial") to dismiss Plaintiff's Complaint. For the following reasons, the motion to dismiss is granted.

Defendant, DaimlerChrysler Services North America LLC ("Chrysler Financial") financed plaintiff Maurice Brown's purchase of a Chrysler 300M automobile. After Plaintiff defaulted, Chrysler Financial repossessed the car.

This case is the third time that Plaintiff has attempted to litigate against Chrysler Financial concerning the handling of his account and the repossession of his car. In the previous two lawsuits – one in the Circuit Court of Cook County and the other in the Northern District of Illinois – the courts rejected all of Plaintiff's claims on the merits and entered judgment in favor of Chrysler Financial. Those judgments became final when Plaintiff chose not to pursue appeals. *Res judicata* bars Plaintiff from relitigating these issues. Accordingly, for the reasons stated below, Plaintiff's Complaint is dismissed with prejudice.

## BACKGROUND

Chrysler Financial financed plaintiff's purchase of a Chrysler 300M automobile. Because the car was the collateral for the financing, plaintiff had a contractual obligation to maintain the car in good condition. Yet after his car was damaged in a crash, plaintiff refused to pay for repairs to the car and instead pocketed the insurance proceeds he received. After the repair shop holding the car threatened to place a lien on the car for more than $8,000 in repair costs, Chrysler Financial had to pay those costs in order to preserve the value of its collateral.

Chrysler Financial then brought suit in Illinois state court to confirm its rights to repossess the car and to recover the amount of the deficiency following the repossession. See *DaimlerChrysler Services, N.A., L.L.C., f/k/a Chrysler Financial Company v. Maurice Brown*, No. 02M1-611035 (Cir. Ct. Cook Cty. filed April 24, 2003) (*"DamilerChrysler Services v. Brown"* or "state court lawsuit"). Plaintiff raised defenses claiming that Chrysler Financial had failed to post one of his payments on the loan ("check no 1042") to his account. Plaintiff also made counterclaims in the Illinois state court case. He alleged that Chrysler Financial violated the law by cashing check no. 1042 and failing to post it to his account, by seeking to collect payments from Brown, and by repossessing the vehicle. According to the counterclaims, Chrysler Financial's actions violated the Fair Credit Reporting Act and various state laws. Brown sought damages in the amount of $10 million.

On July 7, 2003, after briefing and a hearing, the Circuit Court of Cook County granted Chrysler Financial's motion for summary judgment. On November 10, 2003, after further briefing, the Circuit Court denied Plaintiff's motion for reconsideration and entered judgment in favor of Chrysler Financial on all counts. Plaintiff filed a notice of appeal, but later filed a

motion to dismiss the appeal, which the Appellate Court granted. *DaimlerChrysler Services v. Brown*, No. 03-3649 (Ill. App. Ct. July 23, 2004).

Plaintiff then sued Chrysler Financial in federal court. *Maurice Brown v. Chrysler Financial Services, LLC, et al.*, No. 04 C 1339 (N.D. Ill. filed Feb. 20, 2004) ("*Brown I*" or "earlier federal case"). He again alleged that Chrysler Financial violated the law by cashing check no. 1042 and failing to post it to his account, by seeking to collect money owed by Plaintiff, and by repossessing the vehicle. See Complaint, *Brown I*, ¶¶ 12-65. Plaintiff sought to resurrect the very claims that he lost in state court, and added a race discrimination claim under various statues, including 42 U.S. C. § 1985, based on his contention that Chrysler Financial's collection efforts were racially motivated. He sought $10 million in damages.

When Chrysler Financial moved to dismiss *Brown I*, *res judicata* was not applicable because the Cook County judgment was not yet final. As a result, the *Brown I* court addressed Plaintiff's claims on the merits. After full briefing, the *Brown I* court dismissed with prejudice all of Plaintiff's claims in a written opinion. 2004 WL 2091998 (N.D. Ill. Sept. 15, 2004). Plaintiff then filed a motion for reconsideration, which was denied in a written order. Minute Order, *Brown I* (entered Jan. 3, 2005). Plaintiff elected not to appeal the judgment, and the judgment in *Brown I* became final when the period for filing a notice of appeal expired on February 2, 2005.

Shortly thereafter, Plaintiff filed this suit. *Maurice Brown v. Chrysler Financial Services, et al.*, No. 05 C 1117 (N.D. Ill. filed Feb. 24, 2005) ("*Brown II*"). In essentially the same language as Plaintiff's pleadings in the prior state and federal court actions, Plaintiff's new complaint alleges that Chrysler Financial violated the law by cashing check no. 1042 and failing

3

to post it to his account, by seeking to collect money owed by Plaintiff, and by repossessing his car. Based on these allegations, Plaintiff claims that Chrysler Financial violated 42 U.S.C. § 1985 and committed slander and libel by claiming that Brown was in default on his payments to Chrysler Financial. Plaintiff's complaint demands $12 million in damages.

## DISCUSSION

### I. Standard of Decision

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) admits "all well pleaded facts alleged ... as true," and the court may "draw all reasonable inferences in favor of the nonmoving party." *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Nonetheless, neither "conclusory statements of law" nor "unsupported conclusions of fact or mixed fact and law are admitted." *Id.* Further, in ruling on a motion to dismiss, a court may take judicial notice of pleadings and orders in previous cases. *See General Electric Capital Corporation v. Lease Resolution Corporation*, 128 F.3d 1074, 1080-82 (7th Cir. 1997) (collecting cases); *Booker v. Ward*, 888 F. Supp. 869, 871 (N.D. Ill. 1995) (taking judicial notice of Plaintiff's related state court proceedings in ruling on motion to dismiss).

Because the basis for dismissal is *res judicata*, this Court may take judicial notice of pleadings and orders in the previous litigation between Plaintiff and Chrysler Financial. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n.4 (7th Cir. 2000) (approving district court's reliance on state court order attached to motion to dismiss on *res judicata* grounds); *Wilson v. Bob Watson Chevrolet, Inc.*, 2004 WL 432493, *2-4 (N.D. Ill. March 2, 2004) (dismissing complaint under Rule 12(b)(6) when complaint and orders in prior lawsuit together demonstrated that the complaint was barred by *res judicata*); *Zahran v. Frankenmuth Mut. Ins. Co.*, 1996 WL

4

182563, *3n.1 (N.D. Ill. April 15, 1996) (taking judicial notice of documents from prior lawsuits in granting motion to dismiss under Rule 12(b)(6)).

## II. The Judgment in *Brown I* Bars Plaintiff's Claims under The Doctrine of *Res Judicata*

The preclusive effect of a prior federal judgment is governed by federal law. Under federal law, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felson*, 442 U.S. 127, 131 (1979) (quoted in *Crop-Maker Soil Services, Inc. v. Fairmount State Bank*, 881 F.2d 436, 438 (7th Cir. 1989) (internal quotations omitted)). The doctrine of *res judicata* (or claim preclusion) "bars not only those issues which actually were decided in a prior action but also any issues that could have been raised." *Crop-Maker Soil Services*, 881 F.2d at 439. The elements of *res judicata* are "(1) a final judgment on the merits in a prior action; (2) the identity of the cause of action in both the prior and subsequent suits; and (3) the identity of parties or privies in these suits." *Id.* *See also Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997).

All of the elements for application of *res judicata* are present here. First, the judgment in the earlier federal case is final. Plaintiff elected not to file an appeal, and the judgment became final thirty days after entry of the order denying Plaintiff's motion for reconsideration.

Second, there is an identity of causes of action. Under federal law, "a cause of action consists of a 'single core of operative facts,'" and thus all claims "based on the same, or nearly the same, factual allegations" will be barred in subsequent suits by *res judicata*. *Roboserve*, 121 F.3d at 1034. Plaintiff cannot avoid the bar of *res judicata* by applying "a different legal theory"

5

to seek "the same type of damages for the same wrong over the same period of time" as the party sought in an earlier suit. *Id.* at 1035.

Plaintiff's current lawsuit arises out of the same core of operative facts as his claims in the earlier federal court litigation: allegations of Chrysler Financial's mishandling of his check no. 1042, illegal collection efforts, impairment of his credit, and repossession of his vehicle. All of Plaintiff's claims for relief arise out of his common set of facts, and Plaintiff even asserts an identical theory of relief in both the first federal court action (*Brown I)* and in his latest complaint - that Chrysler Financial violated his civil rights under 42 U.S.C. § 1985.

Third, there is identity of parties or their privies. Plaintiff and Chrysler Financial were parties to *Brown I*. Thus, Plaintiff's complaint is barred by *res judicata* and is dismissed with prejudice.

### III. The Judgement in the Illinois State Court Lawsuit Also Bars Plaintiff's Claims Under The Doctrine of *Res Judicata*

The preclusive effect of the Illinois state court judgment is governed by Illinois law. *Rogers v. Desierio*, 58 F.3d 299, 301 (7th Cir. 1995) ("The preclusive effect of a state judgment in federal litigation depends on the rendering state's law") (citing 28 U.S.C. § 1738). The Illinois law of claim preclusion is in all relevant respects identical to federal law on this point: "a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (1998). "The bar extends to what was actually described in the first action, as well as those maters that could have been decided in that suit." *Id.* "For the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of

cause of action; and (3) there is an identity of parties or their privies." *Id.* Finally, "[s]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* at 893.

Thus, for precisely the same reasons that Plaintiff's complaint is barred by the earlier federal judgment (*Brown I*), it is barred by the judgment in the state court lawsuit as well. First, the state court judgment is final, as Plaintiff formally abandoned his appeal in that case. Second, there is an identity of causes of action. Plaintiff's claims here arise out of the same group of operative facts as his claims in the Illinois state court litigation: allegations of Chrysler Financial's mishandling of his check no. 1042, illegal collection efforts, impairment of his credit, and repossession of his vehicle. Third, there is identity of parties or their privies. Plaintiff and Chrysler Financial were parties to the Illinois state court suit. Thus, the judgment in the state court suit bars Plaintiff's complaint in this case under the doctrine of *res judicata*.

## CONCLUSION

For the foregoing reasons, we grant the motion of Defendant DaimlerChrysler Services N.A. LLC to dismiss Plaintiff's Complaint (#9). Plaintiff has alleged the same cause of action twice before and both times his claims were rejected on the merits. Plaintiff's complaint is dismissed in its entirety with prejudice.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: March 24, 2006